# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| PATRICIA COURTWAY, and ) <br> CLINTON COURTWAY, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> TERUMO CORP., TERUMO MEDICAL ) <br> CORPORATION, TERUMO ) <br> CARDIOVASCULAR SYSTEMS CORP., ) <br> and BRIAN MONROE ) <br> ) <br> ) <br> Defendants. ) | JURY TRIAL DEMANDED <br><br><br> Case No.  4:18-cv-1167 <br><br> Removed from the Circuit Court of <br> Jefferson County, Missouri, Case No. <br> 18JE-CC00400 |

## NOTICE OF REMOVAL

COME NOW Defendants Terumo Corporation ("TC"), Terumo Medical Corporation ("TMC") and Terumo Cardiovascular Systems Corporation ("TCVS") (collectively the "Terumo Defendants"), who hereby give notice of the removal of this action from the Circuit Court of Jefferson County, State of Missouri, to the United States District Court for the Eastern District of Missouri, Eastern Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and respectfully state as follows:

## BACKGROUND

1. On or about June 18, 2018, Plaintiffs Patricia Courtway ("Mrs. Courtway") and Clinton Courtway (collectively the "Plaintiffs") initiated a state court action against the Terumo Defendants and Terumo Interventional Systems ("TIS") sales representative Brian Monroe, entitled *Courtway v. Terumo Corp., et al.*, Case No. 18JE-CC00400, by filing a petition in the Circuit Court for Jefferson County, State of Missouri (the "Petition").

- 1 -

2. Pursuant to 28 U.S.C. § 1446(a) and E.D. Mo. L.R. 81-2.03, the Defendants are attaching copies of the state court docket, including all process, pleadings, and orders presently on file in the above-referenced action as Exhibit A to this Notice of Removal.

3. In the Petition, Plaintiffs allege that Mrs. Courtway contracted a non-tuberculous mycobacterium ("NTM") infection from an allegedly contaminated Terumo heater-cooler device ("Terumo HCD") used during her open heart surgery at Mercy Hospital Jefferson in Festus, Missouri on March 11, 2014. (Exhibit A, Petition).

4. Plaintiffs assert the following nine (9) counts against the Terumo Defendants and Brian Monroe: Strict Liability – Defective Design (Count I); Strict Liability - Defective Manufacture (Count II); Strict Liability – Failure to Warn (Count III); Negligence (Count IV); Breach of Implied Warranty (Count V); Breach of Express Warranty (Count VI); Missouri Merchandising Practices Act, Mo. Rev. Stat. § 407.020, *et seq.* (Count VII); Loss of Consortium – Plaintiff Clinton Courtway (Count VIII); and Punitive Damages (Count IX). (Exhibit A, Petition).

5. According to Plaintiffs' Notice and Acknowledgment for Service by Mail, the Terumo Defendants were served with the Petition by mail on June 18, 2018.

6. Brian Monroe has not been served with the Petition.

7. The Summons for Brian Monroe filed by Plaintiffs in this case states that a copy of the Petition was served on Brian Monroe by personally serving "Katie Monroe" identified as his "wife" at 190 Tapestry Drive, St. Louis, Missouri  63129. (Exhibit A, Summons for Brian Monroe).

8. Plaintiffs may have served an individual named Brian Monroe, but he is not the Brian Monroe employed by TIS as a sales representative. TIS sales representative Brian Monroe

does not reside at 190 Tapestry Drive, St. Louis, Missouri, his wife is not named Katie, and he does not know anyone named Katie Monroe. (July 17, 2018 Declaration of Brian Monroe ("Monroe Dec.") at ¶¶ 12, 13).

9. Neither Brian Monroe nor his wife has been served with the Petition. (Monroe Dec. at ¶ 14).

10. Plaintiffs are citizens of Washington County, Missouri. (Exhibit A, Petition at ¶ 1).

11. Defendant TC is a corporation headquartered in Tokyo, Japan. (Exhibit A, Petition at ¶ 2).

12. Defendant TMC is a corporation organized under the laws of Delaware with its principal place of business in New Jersey. (Exhibit A, Petition at ¶ 3).

13. Defendant TCVS is a corporation organized under the laws of Delaware with its principal place of business in Michigan. (Exhibit A, Petition at ¶ 4).

14. Defendant Brian Monroe is a citizen of Missouri. (Exhibit A, Petition at ¶ 5).

15. As discussed more fully below, this case should be removed based on diversity of citizenship under 28 U.S.C. § 1441(b) because there is complete diversity of citizenship between Plaintiffs and the Terumo Defendants. Although Brian Monroe is a citizen of Missouri, he has not been served with the Petition and therefore the forum defendant rule of 28 U.S.C. § 1441(b)(2) does not apply. Moreover, even if he had been served with the Petition, other than his identification as a sales representative for a Terumo entity and his state of residence, there are no specific allegations in the Petition addressed towards Brian Monroe and he has never sold or otherwise had any involvement with any Terumo HCDs, including the Terumo HCD identified in this case.

Accordingly, this Court should ignore his citizenship because he bears no personal liability to Plaintiffs and therefore was fraudulently joined in an attempt to prevent removal.

**GROUNDS FOR REMOVAL**

**I.   THE TERUMO DEFENDANTS HAVE SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL**

16.   Removal is Timely.  The Terumo Defendants were served with the Petition by regular U.S. Mail on June 18, 2018.  Therefore, this Notice is timely under 28 U.S.C. § 1446(b).

17.   Venue is proper.  Pursuant to 28 U.S.C. § 1441(a), venue is proper and this case is properly removed to this Court because the United States District Court for the Eastern District of Missouri, Eastern Division, embraces Jefferson County, where Plaintiffs' action is pending.

18.   All properly joined and served defendants consent to removal.  The Petition purports to name Brian Monroe, but as set forth above, Brian Monroe has not been served with the Petition, and therefore his consent is not necessary.  *See* 28 U.S.C. § 1446(b)(2)(A) ("all defendants who have been ***properly joined*** and ***served*** must join in or consent to removal of the action."); (Monroe Dec. at ¶¶ 12, 13, 14).  Moreover, since Plaintiffs have fraudulently joined Brian Monroe to this lawsuit, his consent is not required.  *Thorn v. Amalgamated Transit Union*, 305 F.3d 826, 833 (8th Cir. 2002) (nominal defendants against whom no real relief is sought need not join in removal petition).  In any event, Brian Monroe consents to removal.  (Monroe Dec. at ¶ 15).

19.   No party in interest properly joined and served as a defendant is a citizen of the State in which this action was brought, Missouri.  None of the Terumo Defendants is a citizen of Missouri.  (Exhibit A, Petition at ¶¶ 2-4).  Although Defendant Brian Monroe is a citizen of Missouri, he has not yet been served in this action, and therefore, the forum defendant rule set forth in 28 U.S.C. § 1441(b)(2) does not apply.  *See Rogers v. Boeing Aerospace Operations, Inc.*, 13 F. Supp. 3d 972, 978 (E.D. Mo. 2014) (forum defendant rule does not apply where forum

defendant not served).  Moreover, as discussed more fully below, because Plaintiffs fraudulently joined Brian Monroe to this lawsuit, his Missouri citizenship is not a barrier to removal jurisdiction.  *See Wiles v. Capitol Indemnity Corp.*, 280 F.3d 868, 871 (8th Cir. 2002) (a defendant's right of removal cannot be defeated by joinder of resident defendant where "'there exists no reasonable basis in fact and law supporting a claim against resident defendants.'").

20.     No previous request has been made for the relief requested herein.

21.     Pursuant to 28 U.S.C. § 1446(d) and E.D. Mo. L.R. 81-2.03, the Terumo Defendants will promptly serve a copy of this Notice of Removal upon Plaintiffs and file proof of filing the Notice with the Clerk for the Circuit Court of the Jefferson County, Missouri.

## II. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332(a) AND THE CASE IS SUBJECT TO REMOVAL PURSUANT TO 28 U.S.C. § 1441(b)

22.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) and the case is subject to removal pursuant to 28 U.S.C. § 1441(b) because this is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and is between citizens of different states.

### A.     The Amount In Controversy Is Satisfied

23.     A "district court has subject matter jurisdiction in a diversity case when a fact finder [can] legally conclude, from the pleadings and proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000.00." *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002).  Under this standard, the amount in controversy inquiry "'is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are.'" *Quinn v. Kimble*, 228 F. Supp. 2d 1038, 1040 (E.D. Mo. 2002) (quoting *Kopp*, 280 F.3d at 885).  The party seeking to remove the action has the burden to prove the requisite

amount in controversy by a preponderance of the evidence. *Bell v. Hershey Company*, 557 F.3d 953, 956 (8th Cir. 2009).

24. Although Plaintiffs do not allege a specific dollar amount, it is facially apparent from Plaintiffs' Petition in this action that their claims exceed the jurisdictional threshold. *See Kina v. Mindland Funding, LLC*, U.S. District LEXIS 123205, at *3 (E.D. Mo. Sep. 16, 2015) (Court should first look "only at the face of the complaint to determine if the amount in controversy is met."); *see also Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010) ("[C]ourts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements.").

25. Plaintiffs' claims against the Terumo Defendants sound in product liability and seek recovery for injuries allegedly resulting from Mrs. Courtway contracting an NTM infection from a Terumo HCD. (Exhibit A, Petition).

26. Plaintiffs allege that as a result of her infection, Mrs. Courtway's aortic valve was removed and replaced a second time, she suffered prosthetic valve endocarditis (an infection in her prosthetic heart valve) and bloodstream infection, and has experienced numerous "serious, disabling and permanent injuries, including but not limited to: chest pain, dizziness, shortness of breath, numbness on the left side, weakness on the left side, ongoing treatment with IV antibiotics causing toxicity relating to liver damage, constant headaches, constant shoulder and neck pain from the open heart surgeries, sixty-pound weight gain, stress, aggravated anxiety, depression and mental anguish." (Exhibit A, Petition at ¶¶ 43, 44, 54, 56.)

27. Plaintiffs further allege that, as a result of Mrs. Courtway's infection, she has had to pay for "medical care and treatment," which will likely continue into the future, she is unable

to "perform activities of daily living," and she has experienced "substantial pain, suffering and loss of life's pleasures." (Exhibit A, Petition at ¶ 56).

28. Additionally, Plaintiffs allege that Mrs. Courtway's husband, Clinton Courtway, suffered the loss of "consortium, society, comfort, protection, and services of his wife . . . ." (Exhibit A, Petition at ¶ 156).

29. Given the allegations set forth above, there is a preponderance of evidence demonstrating that the amount in controversy exceeds $75,000 in this case. *See, e.g.*, *Quinn v. Kimble*, 228 F. Supp. 2d 1036, 1037 (E.D. Mo. 2002) (jurisdictional amount satisfied where complaint alleged that plaintiffs "suffered head, neck, and back injuries; incurred medical expenses and will incur further such expenses; have permanent, progressive, and disabling injuries; that their ability to work, labor, and enjoy life has been and will be impaired.").

30. Accordingly, the amount in controversy in this case exceeds this Court's jurisdictional minimum pursuant to 28 U.S.C. § 1332(b).

**B.     There Is Complete Diversity Of Citizenship.**

31. There is complete diversity between Plaintiffs and all properly joined and served Defendants in this action. *See* 28 U.S.C. § 1441(b).

32. Plaintiffs are citizens and residents of Washington County, Missouri. (Exhibit A, Petition at ¶ 1).

33. Defendant TC is a corporation headquartered in Tokyo, Japan. (Exhibit A, Petition at ¶ 2). TC, therefore, is a citizen of Japan for the purposes of determining diversity. 28 U.S.C. § 1332(c)(1).

34. Defendant TMC is a corporation organized under the laws of the State of Delaware with its principal place of business in New Jersey. (Exhibit A, Petition at ¶ 3). TMC, therefore,

is a citizen of Delaware and New Jersey for the purposes of determining diversity.  28 U.S.C. § 1332(c)(1).

35. Defendant TCVS is a corporation organized under the laws of the State of Delaware with its principal place of business in Michigan.  (Exhibit A, Petition at ¶ 4).  TCVS, therefore, is a citizen of Delaware and Michigan for the purposes of determining diversity.  28 U.S.C. § 1332(c)(1).

36. Defendant Brian Monroe is a citizen of the State of Missouri.  (Exhibit A, Petition at ¶ 5).  However, since he has not been served with the Petition, the forum defendant rule does not apply.  In addition, for the reasons set forth below, Brian Monroe is fraudulently joined to this action, and his citizenship must be ignored for the purpose of determining the propriety of removal.  *See Wiles*, 280 F.3d at 871.

### III. DEFENDANT BRIAN MONROE'S CITIZENSHIP MUST BE IGNORED BECAUSE HE IS FRAUDULENTLY JOINED TO THE ACTION

37. It is well settled that "[j]oinder designed solely to deprive federal courts of jurisdiction is fraudulent and will not prevent removal."  *Anderson v. Home Ins. Co.*, 724 F.2d 82, 84 (8th Cir. 1983).  A defendant is fraudulently joined and the defendant's presence in the lawsuit is ignored for purposes of determining diversity where "there exists no reasonable basis in fact and law supporting a claim against the resident defendants."  *Wiles*, 280 F.3d at 871.  *See also Ratermann v. Cellco Partnership*, 4:09 CV 126 DDN, 2009 U.S. Dist. LEXIS 36018, at *13-14 (E.D. Mo. Apr. 28, 2009) ("[j]oinder is fraudulent and removal is proper if there is 'no reasonable basis in fact and law supporting a claim against the resident defendants.'") (quoting *Wilkinson v. Shackelford*, 478 F. 3d 957, 964 (8th Cir. 2007)).

38. Here, Plaintiffs have no reasonable possibility of success on their claims against Defendant Brian Monroe because there is no legal basis to hold him personally liable for any of the alleged injuries caused by the Terumo HCD identified in this case.

### A. Plaintiffs' Petition Fails To State A Claim Against Brian Monroe

39. Brian Monroe is fraudulently joined because Plaintiffs fail to assert any specific allegations against him. *See, e.g., Block v. Toyota Motor Corp.*, 665 F.3d 944, 949-950 (8th Cir. 2011) (affirming trial court's finding of fraudulent joinder where there were no specific factual allegations regarding defendant's liability); *Perry v. Boston Sci. Family*, Civil No. 16-137 (PJS/HB), 2016 U.S. Dist. LEXIS 97515, *8 (D. Minn. June 27, 2016) (finding defendant physician fraudulently joined in product liability case where there were no specific allegations against the physician in the complaint other than naming him as a "Chief Medical Officer"); *Grobe v. Vantage Credit Union*, 679 F. Supp. 2d 1020, 1026 (E.D. Mo. 2010) (noting that fraudulent joinder exists where the facts are "shown to be so clearly false as to demonstrate that no factual basis exists for any honest belief on the part of the plaintiff that a cause of action exists against it") (quotation omitted); *Lyons v. Am. Tobacco Co. Inc.*, No. CIV.A. 96-0881-BH-S, 1997 U.S. Dist. LEXIS 18365, at *18-19 (S.D. Ala. Sept. 30, 1997) (holding that "there can be no better admission of fraudulent joinder of [the resident] defendants" than the failure of the plaintiff "to set forth any specific factual allegations" against them).

40. Other than the allegation that Brian Monroe is a "sales representative" for "Terumo" that resides in Missouri, there are no specific allegations directed towards him. (Exhibit A, Petition). Rather, the allegations in the Petition assessing liability are directed towards all Defendants as a collective labeled the "Terumo Defendants," without distinguishing which allegations apply with which defendants and why. (Exhibit A, Petition). Since Plaintiffs fail to allege ***any*** material facts regarding Brian Monroe specifically, Plaintiffs fail to state claim for relief

- 9 -

against him and there is no legal basis to hold him personally liable for any of the alleged injuries in this case.

>   **B.  Even If The Petition Stated A Claim Against Brian Monroe, Plaintiffs Have No Reasonable Chance Of Success Because There Is No Conceivable Legal Basis For A Claim Against Him**

41.  Plaintiffs' claims in this case arise out of their assertion that a Terumo HCD used during Mrs. Courtway's cardiac surgery at Jefferson Hospital on March 11, 2014 caused her to contract an NTM infection and to suffer various injuries. (Exhibit A, Petition).

42.  Brian Monroe did not work for any Terumo entities at the time of Mrs. Courtway's surgery in 2014, or thereafter, until March of 2017, when he joined TIS, a division of TMC. (Monroe Dec. at ¶¶ 2, 3). Brian Monroe has held the position of sales representative (First Territory Manager) at TIS since he joined the company. (*Id.* at ¶ 1).

43.  TMC manufactures and sells various medical products and services across the following four divisions: TIS, which offers products for entry site management and lesion access for coronary, vascular and urologic treatments; Terumo Medical Products, which provides devices for injection and infusion therapy; Terumo Pharmaceutical Solutions, which develops drug delivery devices; and Terumo Business Edge, which offers cardiac cath (catheter) lab consulting. *See* http://www.terumomedical.com/about.html. (*Id.* at ¶ 4).

44.  TMC does not sell and has never sold any Terumo HCDs. (*Id.* at ¶ 5). Rather, TCVS, one of the other Terumo defendants named in the Petition, previously manufactured and sold HCDs. (Exhibit A, Petition at ¶ 4).

45.  Brian Monroe has never sold any Terumo products to Mercy Hospital, the hospital where Mrs. Courtway allegedly contracted an NTM infection from a Terumo HCD. (*Id.* at ¶ 6). Moreover, he has never sold or otherwise had any involvement with any Terumo HCDs, including the Terumo HCD identified in this case, at any point in his career, and he has no personal

knowledge regarding Terumo HCDs. (*Id.* at ¶ 7). Furthermore, Brian Monroe has never discussed any Terumo HCDs, including the Terumo HCD identified in this case, with anyone at Mercy Hospital. (*Id.* at ¶ 8). Finally, Brian Monroe has no personal knowledge of any of the facts underlying Plaintiffs' claims in this case. (*Id.* at ¶ 10).

46. Given these facts, there is no conceivable basis for liability against Brian Monroe in this case and his citizenship of Missouri must be disregarded under the doctrine of fraudulent joinder.

47. The Terumo Defendants hereby reserve any and all rights to assert any and all defenses to Plaintiffs' Petition, including, but not limited to, insufficiency of process or insufficiency of service of process, lack of personal jurisdiction, and improper venue.

48. The Terumo Defendants reserve the right to amend or supplement this Notice of Removal.

49. The Terumo Defendants hereby request a trial by jury.

WHEREFORE, the Terumo Defendants, respectfully remove this action from Circuit Court for Jefferson County, State of Missouri to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and respectfully request that the Court grant any further relief it deems just and appropriate.

Respectfully submitted,

/s/   Kara T. Stubbs
Kara T. Stubbs                          MO #43414
Terrence O'Toole, Jr.                   MO # 60446
BAKER STERCHI COWDEN & RICE, L.L.C.
100 North Broadway, 21st Floor
St. Louis, MO 63102
Telephone:       (314) 345-5000
Facsimile:        (314) 345-5055
stubbs@bscr-law.com
totoole@bscr-law.com

**ATTORNEYS FOR DEFENDANTS TERUMO CORPORATION, TERUMO MEDICAL CORPORATION, and TERUMO CARDIOVASCULAR SYSTEMS CORPORATION**

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a true and correct copy of the foregoing was served via e-mail and U.S. Mail this 16th day of July, 2018, addressed to:

Carrie Mulholland Brous
BROUS LAW LLC
3965 West 83rd Street, #115
Prairie Village, KS 66208
Telephone:      (913) 209-8596
cbrous@brouslaw.com

Lon Walters
WALTERS LAW FIRM, LLC
23A East 3rd Street
Kansas City, MO 64106
Telephone:      (816) 472-1400
Facsimile:       (816) 472-4433
lwalters@walterslaw.com

Kevin C. Roberts
ROBERTS, WOOTEN & ZIMMER, LLC
P.O. Box 888
10438 Business 21
Hillsboro, MO 63050
KevinRoberts@rwzlaw.com

**ATTORNEYS FOR PLAINTIFFS**

Brian Monroe
c/o Kara T. Stubbs
BAKER STERCHI COWDEN & RICE, L.L.C.
100 North Broadway, 21st Floor
St. Louis, MO  63102

    /s/  Kara T. Stubbs