# EXHIBIT A

# STATE COURT RECORDS

**18JE-CC00400**

Electronically Filed - Jefferson - June 11, 2018 - 04:06 PM

## IN THE CIRCUIT COURT OF THE 23rd JUDICIAL CIRCUIT OF MISSOURI at HILLSBORO, JEFFERSON COUNTY, MISSOURI

PATRICIA COURTWAY and            )
CLINTON COURTWAY,                )
                                 )
Plaintiffs,                      )
                                 )
v.                               )
                                 )
TERUMO CORP.                     )
Serve at:                        )
2-44-1 Hatagaya                  )
Shibuya-ku                       )
Tokyo, 151-0072 Japan            )
                                 )
TERUMO MEDICAL CORPORATION       )
Serve: Registered Agent:         )
CSC-Lawyers Incorporating Service Co.  )
221 Bolivar Street               )
Jefferson City, MO 65101         )
                                 )
TERUMO CARDIOVASCULAR            )
SYSTEMS CORP.                    )
Serve: Registered Agent:         )
CSC-Lawyers Incorporating Service Co.  )
221 Bolivar Street               )
Jefferson City, MO 65101         )
                                 )
BRIAN MONROE                     )
Serve at:                        )
190 Tapestry Drive               )
St. Louis, MO 63129              )

### PETITION FOR DAMAGES

Plaintiffs Patricia and Clinton Courtway, wife and husband, for their Petition for

Damages against the Terumo Defendants state as follows:

### Parties, Jurisdiction & Venue

1.      Plaintiffs Patricia and Clinton Courtway are wife and husband and live in

Cadet, Washington County, Missouri. Plaintiff Patricia Courtway was injured by, and

Electronically Filed - Jefferson - June 11, 2018 - 04:06 PM

continues to endure injuries from, a medical device designed, manufactured and sold by the Terumo defendants.

2.      Defendant Terumo Corporation ("Terumo Corp.") is a foreign for-profit company headquartered in Tokyo, Japan. Terumo Corp. is a global medical device company specializing in, among other products, devices used in the treatment of cardiovascular diseases. Upon information and belief, Terumo Corp. designed, tested, assembled, manufactured, marketed and/or sold the Terumo Sarns heating and cooling device ("Terumo HCD") that was used during Patricia Courtway's open heart surgery. Defendant Terumo Corp. is located at 2-44-1 Hatagaya, Shibuya-ku, Tokyo, 151-0072 Japan.

3.      Defendant Terumo Medical Corporation ("Terumos Medical") is a wholly owned subsidiary of Terumo Corp. with a principal place of business located at 2101 Cottontail Lane, Sommerset, NJ 08873. Terumos Medical is a foreign, for-profit corporation registered to do business in Missouri and organized and existing under the laws of Delaware. Upon information and belief, Terumo Medical designed, tested, assembled, manufactured and/or sold the Terumo HCD used in the surgery of Patricia Courtway.

4.      Defendant Terumo Cardiovascular Systems Corporation ("Terumo CVS") is a wholly owned subsidiary of Terumo Corp. and/or Terumo Medical with a principal place of business at 6200 Jackson Road, Ann Arbor, MI. Terumos CVS is a foreign, for-profit corporation registered to do business in Missouri and is organized and existing under the laws of Delaware. Upon information and belief, Terumo CVS designed, tested,

Electronically Filed - Jefferson - June 11, 2018 - 04:06 PM

assembled, manufactured and/or sold the Terumo HCD used in the surgery of Patricia Courtway.

5.     Brian Monroe, an individual, is a sales representative for Terumo who resides in the State of Missouri.

6.     Collectively, Terumo Corp., Terumo Medical, Terumo CVS and Monroe are referred to as the Terumo Defendants.

7.     At all relevant times, the Terumo Defendants were acting individually, and/or by and through their duly authorized actual, apparent and/or ostensible agents, servants, and/or employees, who were acting within the scope of their employment, service, and/or agency with the Terumo Defendants. The identities of these authorized, actual, and/or ostensible agents, servants, and/or employees (other than Defendant Monroe) are known to the Terumo Defendants and are currently unknown to Plaintiffs, and include, but are not limited to, all those responsible for the design, development, testing, assembling, manufacturing, marketing, sale, and/or distribution of the Terumo HCD and those responsible for the collection, dissemination, and communication of information relating to the safety of the Terumo HCD. Terumo Defendants are therefore liable to Plaintiffs for the negligent acts and omissions of the aforementioned agents.

8.     Personal jurisdiction exists over the Terumo Defendants due to the fact that they regularly conducted business in Missouri during all relevant times, including the marketing, sale and/or distribution of the Terumo HCD. In addition, Defendants Monroe is a Missouri resident.

Electronically Filed - Jefferson - June 11, 2018 - 04:06 PM

9.      Venue is proper in that Mrs. Courtway's personal injuries arose out of her aortic valve surgery at Mercy Hospital Jefferson ("Mercy Jefferson"), 1400 Highway 61 South, Festus, MO 63028, in Jefferson County, Missouri.

**Factual Background**

10.     On or about March 11, 2014, Mrs. Courtway underwent aortic valve replacement surgery at Mercy Jefferson.

11.     On or about April 7, 2014, Mrs. Courtway returned to Mercy Jefferson with chest pain and shortness of breath. On or about April 14, 2014, Mrs. Courtway returned again to Mercy Jefferson and was diagnosed with severe aortic stenosis and aortic valve disease.

12.     Mrs. Courtway was very ill from April 2014, and remains very ill to this day.

13.     On or about January 20, 2015, physicians at Barnes Jewish Hospital in St. Louis, Missouri, diagnosed Mrs. Courtway with non-tuberculosis mycobacterium ("NTM"). The specific strain of NTM was mycobacterium mageritense, which the Barnes physicians found caused Mrs. Courtway's prosthetic valve endocarditis and bloodstream infection.

14.     During all relevant times, the Terumo Defendants designed, manufactured, assembled, marketed, sold and/or distributed and/or introduced into the stream of commerce, including Festus, Missouri, their Terumo HCD that is the subject of this lawsuit and that was used during Mrs. Courtway's aortic valve replacement open heart surgery at Mercy Jefferson on or about March 11, 2014.

15.     The Terumo Sarns HCU is intended to provide temperature-controlled

water to heat exchanger devices (cardio-pulmonary bypass heat exchangers, cardioplegia heat exchangers, and thermal regulating blankets) to warm or cool a patient during cardio-pulmonary bypass procedures such as the one that Mrs. Courtway had.

16.     At all material times, the Terumo HCD was used during Mrs. Courtway's open heart surgery at Mercy Jefferson on or about March 11, 2014.

17.     The Terumo HCD is a free-standing unit on wheels, separate from the heart-lung machine via long plastic tubes or hoses that are connected to the heat exchanger of the heart and lung machine.

18.     On or about March 17, 2011, the corporate Terumo Defendants entered into a consent decree ("Consent Decree") with the Federal Drug Administration ("FDA") after an FDA inspection that took place between January and March 2010, where inspections of its facility in Ann Arbor, Michigan revealed numerous regulatory violations that raised safety concerns, including deficiencies in is procedures for controlling the design of its devices, including the Sarns Terumo HCU.

19.     Prior to the Consent Decree, the FDA sent Terumo two warning letters, once in 2004 and once in 2006, about its potential violations to good manufacturing practices.

20.     As part of the March 17, 2011 Consent Decree, the Terumo Defendants agreed to no longer distribute or manufacture their Sarns Terumo HCU. The Terumo Defendants were allowed to continue to provide service, replacement parts and loaner devices to existing customers. The FDA permitted the Terumo Defendants to sell their Terumo HCUs to existing customers, but only after the company demonstrated that it had become compliant with the FDA's requirements overseeing good manufacturing

practices and medical device reporting.

21.     The Terumo Defendants should have known or reasonably been aware based on their own information, investigation and/or testing and based on an outbreak of cases in Europe reported in medical literature as early as 2011, of the association of NTM infections with HCDs when its Terumo HCD was used during Mrs. Courtway's open heart surgery.

22.     On or about October 15, 2015, the FDA released a Safety Communication regarding all HCDs and explained that the Agency had received 32 Medical Device Reports of infections associated with heater-cooler device contamination.

23.     The FDA communication aimed at heightening awareness about infections associated with all HCDs.

24.     On or about October 27, 2015, the Centers for Disease Control and Prevention ("CDC") issued an updated Interim Practical Guidance Communication to raise awareness about the relationship between NTM infections and HCDs.

25.     In or about October 2016, the CDC published a study finding that NTM was still linked to HCUs despite more intensive cleaning protocols. The study found that growing evidence supports airborne transmission resulting from aerosolization of NTM from contaminated water tanks of HCUs.

26.     Between December 2015 and January 2016, the FDA received Manufacturer and User Facility Device ("MAUDE") Adverse Event Reports from four healthcare providers linking NTM infections to a Terumo HCD. Deaths were reported in two of these MAUDE Reports.

27.     The Terumo Defendants have also filed four regulatory reports

Electronically Filed - Jefferson - June 11, 2018 - 04:06 PM

documenting NTM infections linked to Terumo HCDs. Accordingly, eight reports have been filed with the FDA between December 2015 and January 2016 regarding infections linked to Terumo HCDs.

28.     On or about June 2-3, 2016, the FDA convened a Circulatory Devices Panel dedicated to examining information associated with infections originating from HCDs utilized during cardiothoracic surgeries. The FDA Panel concluded that all HCDs, irrespective of manufacturer, are susceptible to the development of bacterial biofilms on their surfaces due to its design features.

29.     In the FDA Executive Summary prepared for the June 21016 meeting of the Circulatory Devices Panel of the Medical Devices Advisory Committee, the summary also identified Terumo as the subject of ten NTM infections in total.

30.     Despite knowledge of the design defect of HCDs and NTM contamination of HCDs, and despite knowledge of the catastrophic injuries, conditions, complications, infections, and/or deaths caused by the use of HCDs during open heart surgery, the Terumo Defendants continued to manufacture, market, advertise, sell, and/or deliver its Terumo HCD to hospitals throughout the United States, including Mercy Jefferson Hospital in Festus, Missouri.

31.     Terumo Defendants knew, or should have known, prior to Mrs. Courtway's open heart surgery on or about March 11, 2014, that using the Terumo HCD posed serious risks to the health and lives of patients undergoing surgery, particularly heart surgery. Yet they failed to take action or warn against these dangers.

32.     On or about March 11, 2014, Mrs. Courtway underwent open heart surgery where she underwent an aortic valve replacement at Mercy Jefferson Hospital.

Electronically Filed - Jefferson - June 11, 2018 - 04:06 PM

33.     Mercy Jefferson Hospital confirmed that a Terumo Sarns HCU was used during Mrs. Courtway's surgery.

34.     Mrs. Courtway did not heal well after her surgery and has never fully recovered.

35.     On or about April 7, 2014, Mrs. Courtway presented to Mercy Jefferson with chest pain and shortness of breath.

36.     On or about April 14, 2014, Mrs. Courtway returned again to Mercy Jefferson with shortness of breath, chest pain and presyncope (lightheadedness, muscular weakness, blurred vision and feeling faint). Mrs. Courtway was admitted for a left and right heart catheterization and doctors diagnosed her with severe aortic stenosis, aortic and mitral regurgitation (leakage) and aortic valve disease.

37.     On or about May 5, 2014, Mrs. Courtway was admitted to Mercy Jefferson again with shortness of breath. She was admitted and underwent aortic valve repair and was returned to the ICU intubated and sedated.

38.     On or about May 11, 2014, Mrs. Courtway again presented to Mercy Jefferson with shortness of breath, dizziness and chest pain. Mrs. Courtway was again admitted and has thoracocentesis, which resulted in drainage of pleural fluid.

39.     On or about July 23, 2014, Mrs. Courtway was transferred from Washington County Memorial Hospital in Potosi, Missouri to Mercy Jefferson and admitted for continued, sharp chest pain and left-sided chest pain radiating down her arm. She was diagnosed with acute myocarditis.

40.     On or about August 26, 2014, Mrs. Courtway was again admitted to Mercy Jefferson with chest pain, dizziness and shortness of breath.

Electronically Filed - Jefferson - June 11, 2018 - 04:06 PM

41.     Mrs. Courtway continued to experience symptoms of the infection – chest pain, dizziness and shortness of breath.

42.     On or about November 10, 2014, Mrs. Courtway was admitted to Barnes Jewish Hospital in St. Louis where she experienced stroke symptoms including left-sided numbness and weakness. The Barnes doctors did a series of tests and diagnosed Mrs. Courtway with a subarachnoid hemorrhage along the right parietal lobe of her brain. At the time, Mrs. Courtway was 47-years old.

43.     On or about January 20, 2015, physicians at Barnes finally diagnosed Mrs. Courtway with non-tuberculosis mycobacterium ("NTM"). The specific strain of NTM was mycobacterium mageritense, which the Barnes physicians found caused Mrs. Courtway's prosthetic valve endocarditis and bloodstream infection.

44.     As a result of her infection, Mrs. Courtway had to have her aortic valve removed and replaced again on or about January 14, 2015 at Barnes.

45.     Doctors have informed Mrs. Courtway, who is only 50 years old, that she will have to be the strong antibiotic Bactrim for the rest of her life due to the NTM infection from her open heart surgery in March 2014.

46.     Mrs. Courtway's doctor informed her that if she does not take Bactrim every 12 hours, the infection could come back, which causes her stress and anxiety. Her doctor also informed her that the infection will never completely go away, she will have long-term side effects, and she will never feel 100% better. As of now, four years from the infective surgery, the infections, stroke, additional open heart surgery to remove the infected valve and the toxicity from the strong antibiotics is causing Mrs. Courtway serious problems such as severe headaches, constant shoulder and neck pain, 60-pound

Electronically Filed - Jefferson - June 11, 2018 - 04:06 PM

weight gain, memory loss, constant fatigue and lack of energy, constant insomnia, constant joint pain, liver damage and stress and anxiety in having to make sure she takes her antibiotic every twelve hours or the infection could return.

47.     At all relevant times, the Terumo Defendants marketed their Terumo HCD to the medical community, including to Mercy Jefferson and their agents and employees who were involved in the purchase of the Terumo HCD used during Mrs. Courtway's open heart surgery in March 2014, as a safe, effective, reliable medical device to be used during heart surgery, such as the one performed on Mrs. Courtway.

48.     At all relevant times, the Terumo Defendants marketed and sold their Terumo HCD to the medical community, including Mercy Jefferson, hospitals, administrators, cardiothoracic surgeons, perfusionists and/or other consumers when they knew, or should have known, of a serious design defect that exposed heart surgery patients to NTM, a potentially life-threatening infection.

49.     At all relevant times, the Terumo Defendants failed to adequately test or research the risks and benefits of its Terumo HCD.

50.     At all relevant times, feasible and alternative designs and products to the Terumo HCD have existed.

51.     At all relevant times, the Terumo HCD was used during heart surgery procedures in a manner foreseeable by Terumo Defendants.

52.     At all relevant times, the Terumo Defendants provided incomplete, insufficient, inadequate and misleading instructions and training to the users of its Terumo HCD, including Mercy Jefferson and their agents and employees who were involved in the purchase, maintenance and use of the Terumo HCD used during Mrs.

Electronically Filed - Jefferson - June 11, 2018 - 04:06 PM

Courtway's open heart surgery in March 2014.

53.     At all relevant times, the Terumo HCD used in the open heart surgery of Mrs. Courtway was in the same or substantially similar condition as when it left the possession of the Terumo Defendants.

54.     Mrs. Courtway contacted an NTM infection, specifically M. mageritense, from a contaminated Terumo HCD used during her open heart surgery at Mercy Jefferson in March 2014.

55.     The Terumo Defendant's conduct increased the risk of harm for, was a substantial

56.     As a direct and proximate result of the wanton, reckless, tortious, and/or negligent conduct of the Terumo Defendants, jointly and severally, Mrs. Courtway was caused to sustain serious, disabling and permanent injuries, including but not limited to: chest pain, dizziness, shortness of breath, numbness on the left side, weakness on the left side, ongoing treatment with IV antibiotics causing toxicity relating to liver damage, constant headaches, constant shoulder and neck pain from the open heart surgeries, sixty-pound weight gain, stress, aggravated anxiety, depression and mental anguish. Mrs. Courtway has in the past and likely will be in the future compelled to expend monies and incur obligations for medical care and treatment and has incurred embarrassment and humiliation of not being able to care for herself. These injuries have left her disabled, unable to perform activities of daily living and have caused substantial pain, suffering and loss of life's pleasures.

57.     Plaintiffs, Mrs. Patricia and Mr. Clinton Courtway, claim all damages recoverable under the law, including compensatory and punitive damages.

Electronically Filed - Jefferson - June 11, 2018 - 04:06 PM

## COUNT I
## STRICT LIABILITY – DEFECTIVE DESIGN

58.     Plaintiffs adopt and incorporate by reference all preceding paragraphs and for further cause of action allege and state that the acts of the Terumo Defendants constitute strict liability, including liability for punitive damages, for defective design.

59.     At all relevant times, the Terumo Defendants were engaged in the business, design, development, testing, promotion, manufacture, assembly, and/or sale of the Terumo HCD used in the heart surgery of Mrs. Courtway at Mercy Jefferson on or about March 11, 2014.

60.      The Terumo HCD was defective at the time it was designed, manufactured, assembled, and sold by the Terumo Defendants in that its defective design prevented it from being reliably and consistently cleaned, disinfected, and maintained based on the expected and reasonably foreseeable use of the Terumo HCD with its accompanying instructions, thus rendering the Terumo HCD unsafe for use by Mercy Jefferson for the use for which it was intended, namely the open heart surgery of Mrs. Courtway, the ultimate user, on March 11, 2014.

61.     The Terumo HCD used by Mercy Jefferson for the heart surgery of Mrs. Courtway on March 11, 2014, was expected to reach, and did reach, an intended consumer, Jefferson Mercy, without substantial relevant change in the condition in which it was sold by the Terumo Defendants.

62.     At the time the Terumo HCD left the possession and control of the Terumo Defendants it was in a defective condition, unreasonably dangerous to Mrs. Courtway, and others, in that its design permitted bacteria to collect, grow, and/or flourish, and subsequently to come in direct contact with and be aerosolized to

Electronically Filed - Jefferson - June 11, 2018 - 04:06 PM

contaminate the surrounding area in the operating room suite during heart surgery.

63.     At all relevant times, the Terumo Defendants intended its Terumo HCD to be used during heart surgery cases, and knew or should have known that it would have been used in patients like Mrs. Courtway, who underwent aortic valve replacement surgery at Mercy Jefferson.

64.     At all relevant times, the use of Terumo HCD during heart surgeries, such as in patients like Mrs. Courtway, was reasonably foreseeable to the Terumo Defendants as its Terumo HCD was used in the manner for which it was intended by Mercy Jefferson who purchased and used the Terumo HCD for the ultimate consumer, Mrs. Courtway.

65.     At all relevant times, Mrs. Courtway could not have, by the exercise of reasonable care, discovered the design defects and risks as noted herein, nor could she have been expected to perceive the danger, and thus the unreasonably dangerous and hazardous condition of the Terumo HCD was unknowable to Mrs. Courtway.

66.      At all relevant times, the Terumo HCD used during the heart surgery of Mrs. Courtway at Mercy Jefferson on March 11, 2014, was defectively designed, rendering it defective and unreasonably dangerous and hazardous when it left the possession of the Terumo Defendants.

67.     At all relevant times, the Terumo HCD that the Terumo Defendants designed, manufactured, marketed, sold, and/or placed in the interstate stream of commerce in the United States was inherently and unreasonably dangerous and defective, and was unfit and unsafe for its intended and/or reasonably foreseeable uses, and did not meet and/or perform to the expectations of consumers like Mrs. Courtway, and her healthcare providers, including Mercy Jefferson.

Electronically Filed - Jefferson - June 11, 2018 - 04:06 PM

68.     At all relevant times, Mrs. Courtway was the ultimate consumer of the defective Terumo HCU used during her heart surgery at the Mercy Jefferson on March 11, 2014.

69.     At all relevant times, Mrs. Courtway had the reasonable expectation that the Terumo HCD would not be unreasonably dangerous and defective, and would increase her risk of contracting a life-threatening NTM infection.

70.     At all relevant times, the design defect of the Terumo HCD created a potentially catastrophic and/or life-threatening risk to patients like Mrs. Courtway that far outweighed its utility and far outweighed the cost of designing, manufacturing and producing an alternate design that was not defective.

71.     The use of the Terumo HCD was a direct and proximate cause of the injuries and damages sustained by Mrs. Courtway.

72.     By reason of its designing, manufacturing, assembling, and distributing the Terumo HCD in a defective and unreasonably dangerous condition, the Terumo Defendants are strictly liable to Plaintiffs for Mrs. Courtway's injuries and damages and Mrs. Courtway's loss of consortium.

73.     The negligent, careless, wanton and willful conduct and reckless disregard of the Terumo Defendants increased the risk of harm of, was a direct and proximate cause of the injuries and damages suffered by Mrs. Courtway, as set forth more fully above.

74.     The Terumo Defendants acted with reckless indifference of the increased risk of harm that was substantially greater than that which was necessary to make their conduct necessary.

75.     As a direct and proximate result of the wanton, reckless, tortious, willful

Electronically Filed - Jefferson - June 11, 2018 - 04:06 PM

and negligent conduct of the Terumo Defendants, as set forth herein, Mrs. Courtway was catastrophically injured and sustained severe pain, suffering, disability and impairment.

76.    The conduct of the Terumo Defendants described herein, was aggravated by the willful, and/or wanton conduct made in reckless disregard to the health and well-being of consumers, including Mrs. Courtway, for which the law allows, and Plaintiffs will seek the imposition of punitive damages.

**WHEREFORE**, Plaintiffs Patricia and Clinton Courtway demand that judgment be entered in their favor and against the Terumo Defendants, jointly and severally, and/or separately in an amount to be determined by a jury for compensatory and punitive damages, pre- and post-judgment interest, for costs incurred herein, and for all other relief as the Court deems just and proper.

## COUNT II
## STRICT LIABILITY – DEFECTIVE MANUFACTURE

77.    Plaintiffs adopt and incorporate by reference all preceding paragraphs and for further cause of action allege and state that the acts of the Terumo Defendants constitute strict liability, including liability for punitive damages, for defective manufacture.

78.    At all relevant times, the Terumo Defendants were engaged in the business, design, development, testing, promotion, manufacture, assembly, and/or sale of the Terumo HCD used in the heart surgery of Mrs. Courtway at Mercy Jefferson on March 11, 2014.

79.    The Terumo HCD was defective at the time it was designed, manufactured, assembled, and sold by the Terumo Defendants in that its defective design prevented it from being reliably and consistently cleaned, disinfected, and maintained

Electronically Filed - Jefferson - June 11, 2018 - 04:06 PM

based on the expected and reasonably foreseeable use of the Terumo HCD with its accompanying instructions, thus rendering the Terumo HCD unsafe for use by Mercy Jefferson for the use for which it was intended, namely the heart surgery of Mrs. Courtway, the ultimate user, on March 11, 2017.

80.     The Terumo HCD used by Mercy Jefferson for the heart surgery of Mrs. Courtway, on March 11,2014, was expected to reach, and did reach, the intended consumer, Mercy Jefferson, without substantial relevant change in the condition in which it was sold by Terumo Defendants.

81.     At the time the Terumo HCD left the possession and control of the Terumo Defendants it was in a defective condition, unreasonably dangerous to Mrs. Courtway, and others, in that its manufacture permitted bacteria to collect, grow, and/or flourish, and subsequently be aerosolized to contaminate the surrounding area in operating room suite during heart surgery.

82.     At all relevant times, the Terumo Defendants knew, or should have known, that the manufacturing defects in its Terumo HCD allowed bacterial colonization to which patients like Mrs. Courtway would be, and were in fact, exposed to during heart surgery, thus posing a significant risk of bodily injury.

83.     At all relevant times, the Terumo Defendants intended its Terumo HCD to be used during heart surgery cases, and knew or should have known that it would have been used in patients like Mrs. Courtway, who underwent valve replacement heart surgery at Mercy Jefferson.

84.     At all relevant times, the use of the Terumo HCD during heart surgery cases, such as in patients like Mrs. Courtway, was reasonably foreseeable to the Terumo

Electronically Filed - Jefferson - June 11, 2018 - 04:06 PM

Defendants as its Terumo HCD was used in the manner for which it was intended by Mercy Jefferson who purchased and used the Terumo HCD for the ultimate consumer, Mrs. Courtway.

85.     At all relevant times, Mrs. Courtway could not have, by the exercise of reasonable care, discovered the manufacturing and design defects and risks as noted herein, nor could she have been expected to perceive the danger, and thus the unreasonably dangerous and hazardous condition of the Terumo HCD was unknowable to Mrs. Courtway.

86.     At all relevant times, the Terumo HCD used during the heart surgery of Mrs. Courtway, at Mercy Jefferson on March 11, 2014, was defectively manufactured, rendering it defective and unreasonably dangerous and hazardous when it left the possession of the Terumo Defendants.

87.     At all relevant times, the Terumo HCD designed, manufactured, marketed, sold, and/or placed in the interstate stream of commerce in the United States by the Terumo Defendants was inherently and unreasonably dangerous and defective, and was unfit and unsafe for its intended and/or reasonably foreseeable uses, and did not meet and/or perform to the expectations of consumers like Mrs. Courtway, and her healthcare providers, including Mercy Jefferson.

88.     At all relevant times, Mrs. Courtway was the ultimate consumer of the defective HCD used during her heart surgery at Mercy Jefferson on March 11, 2014.

89.     At all relevant times, Mrs. Courtway had the reasonable expectation that the Terumo HCD would not be unreasonably dangerous and defective, and would increase her risk of contracting a life-threatening NTM infection.

Electronically Filed - Jefferson - June 11, 2018 - 04:06 PM

90.     At all relevant times, the design defect of the Terumo HCD created a potentially catastrophic and/or life-threatening risk to patients like Mrs. Courtway that far outweighed its utility and far outweighed the cost of designing, manufacturing, and producing an alternate design that was not defective.

91.     The use of the Terumo HCD was a direct and proximate cause of the injuries and damages sustained by Mrs. Courtway.

92.     By reason of its designing, manufacturing, assembling, and distributing the Terumo HCD in a defective and unreasonably dangerous condition, the Terumo Defendants are strictly liable to Plaintiffs for Mrs. Courtway's injuries and damages and Clinton Courtway's loss of consortium.

93.     The negligent, careless, wanton and willful conduct, and reckless disregard of the Terumo Defendants increased the risk of harm of and was a direct and proximate cause of the injuries and damages suffered by Mrs. Courtway, as set forth more fully above.

94.     The Terumo Defendants acted with reckless indifference of the increased risk of harm that was substantially greater than that which was necessary to make their conduct necessary.

95.     As a direct and proximate result of the wanton, reckless, tortious, willful, and negligent conduct of the Terumo Defendants, as set forth herein, Mrs. Courtway was catastrophically injured and sustained severe pain, suffering, disability and impairment.

96.     The conduct of the Terumo Defendants described herein, was aggravated by the willful, and/or wanton conduct made it reckless disregard to the health and well-being of consumers, including Mrs. Courtway, for which the law allows, and Plaintiffs

Electronically Filed - Jefferson - June 11, 2018 - 04:06 PM

will seek, the imposition of punitive damages.

**WHEREFORE**, Plaintiffs Patricia and Clinton Courtway demand that judgment be entered in their favor and against the Terumo Defendants, jointly and severally, and/or separately in an amount to be determined by a jury for compensatory and punitive damages, pre- and post-judgment interest, for costs incurred herein, and for all other relief as the Court deems just and proper.

**COUNT III**
**STRICT LIABILITY – FAILURE TO WARN**

97.     Plaintiffs adopt and incorporate by reference all preceding paragraphs and for further cause of action allege and state that the acts of the Terumo Defendants constitute liability, including liability for punitive damages, under the doctrine of strict liability for failure to warn.

98.     At the time the Terumo HCD left the possession and control of the Terumo Defendants, it was not reasonably safe for its intended use and was in a defective condition and unreasonably dangerous in that it contained inadequate warnings and/or instructions to alert consumers, including Mercy Jefferson and the ultimate consumer, Mrs. Courtway, of the dangerous risks and propensity to cause injury due to its defective design, subjecting Mrs. Courtway to risks that exceeded the benefits of the product and risks that exceeded the expectations of any consumer, including, but not limited to, the risks of life-threatening NTM infections.

99.     The Terumo Defendants failed to properly and adequately warn and instruct consumers such as Mrs. Courtway, and specifically her treating physicians and healthcare providers, Mercy Jefferson, as to the safest and most effective methods of maintaining and/or cleaning the defective Terumo HCD.

Electronically Filed - Jefferson - June 11, 2018 - 04:06 PM

100.    The Terumo Defendants failed to properly and adequately warn and instruct consumers such as Mrs. Courtway, and specifically her treating physicians and healthcare providers, Mercy Jefferson, that the defective design of its Terumo HCD prevented the adequate cleaning and disinfection that would prevent life-threatening infections from NTM.

101.    Had the Terumo Defendants provided adequate warning and/or instructions regarding the defective design of their Terumo HCD, Mrs. Courtway would not have consented to the use of the Terumo HCD.

102.    The Terumo Defendants misrepresented the safety, risks, and benefits of their Terumo HCD to Mrs. Courtway and her healthcare providers, Mercy Jefferson, while understating the risks and exaggerating the benefits to advance their own financial interests.

103.    The failure of the Terumo Defendants to sufficiently warn Mercy Jefferson and ultimately Mrs. Courtway, was a direct and proximate cause of the injuries to Mrs. Courtway.

104.    The negligent, careless, wanton and willful conduct, and reckless disregard of the Terumo Defendants increased the risk of harm of and was a direct and proximate cause of the injuries and damages suffered by Mrs. Courtway, as set forth more fully above.

105.    The Terumo Defendants acted with reckless indifference of the increased risk of harm that was substantially greater than which was necessary to make their conduct necessary.

106.    As a direct and proximate result of the wanton, reckless, tortious, willful,

Electronically Filed - Jefferson - June 11, 2018 - 04:06 PM

and negligent conduct of the Terumo Defendants, as set forth herein, Mrs. Courtway was catastrophically injured and sustained severe pain, suffering, disability and impairment.

107.    The conduct of the Terumo Defendants described herein was aggravated by the willful, and/or wanton conduct made in reckless disregard to the health and well-being of consumers, including Mrs. Courtway, for which the law allows, and Plaintiffs will seek, the imposition of punitive damages.

**WHEREFORE**, Plaintiffs Patricia and Clinton Courtway demand that judgment be entered in their favor and against the Terumo Defendants, jointly and severally, and/or separately in an amount to be determined by a jury for compensatory and punitive damages, pre- and post-judgment interest, for costs incurred herein, and for all other relief as the Court deems just and proper.

**COUNT IV**
**NEGLIGENCE**

108.    Plaintiffs adopt and incorporate by reference all preceding paragraphs and for further cause of action allege and state that the acts of the Terumo Defendants constitute liability under the doctrine of negligence.

109.    The Terumo Defendants individually and by and through their actual, authorized, and/or apparent agents, servants, and/or employees, were negligent and reckless by reason of their designing, manufacturing, assembling, selling and distributing the Terumo HCD used by Mercy Jefferson during the heart surgery performed on Mrs. Courtway on March 11, 2014, in one or more of the following particular respects:

a.    Failure to adequately, appropriately, properly, reasonably, and timely address the problems with their Terumo HCD after learning of an unusual cluster of non-tuberculosis mycobacterium seen in patients post

Electronically Filed - Jefferson - June 11, 2018 - 04:06 PM

cardiothoracic surgery;

b.      Failure to adequately, appropriately, properly, reasonably, and timely

address the design problems with their Terumo HCD after learning of

recent reports from Europe indicating that aerosolization of this NTM

bacteria being emitted from HCDs;

c.      Failure to adequately, appropriately, properly, reasonably, and timely

address the design problems with their Terumo HCD after learning of

concerns on the maintenance of this machine;

d.      Failure to adequately, appropriately, properly, reasonably, and timely

address the design problems with their Terumo HCD after learning of

inconsistencies between the manufacturer instructions;

e.      Failure to adequately, appropriately, properly, reasonably, and timely

consistently distribute the method of updating disinfection requirements

for the Terumo HCD;

f.      Failure to adequately, appropriately, properly, reasonably, and timely train

their employees and/or agents regarding the method of cleaning,

maintaining, and/or disinfecting the Terumo HCU such that the verbal

information of their sales representatives, including Defendant Monroe, is

consistent with written recommendations;

g.      Failure to adequately, appropriately, properly, reasonably, and timely train

their employees and/or agents regarding the method of cleaning,

maintaining, and/or disinfecting the Terumo HCU such that the company's

representative sent to place a new machine in use would follow the

Electronically Filed - Jefferson - June 11, 2018 - 04:06 PM

manufacturer's established guidelines for disinfection;

h.    Failure to adequately, appropriately, properly, reasonably, and timely develop and provide Mercy Jefferson and their agents, including the treating healthcare providers of Mrs. Courtway, disinfection procedure changes that would actually mitigate any potential biofilm growth.

i.    Failure to adequately, appropriately, properly, reasonably, and timely develop and provide Mercy Jefferson and their agents, including the treating healthcare providers of Mrs. Courtway, documentation or studies that disinfection procedure changes actually mitigate any potential biofilm growth;

j.    Failure to adequately, appropriately, properly, reasonably, and timely develop and provide Mercy Jefferson and their agents, including the treating healthcare providers of Mrs. Courtway, steps for meeting the new recommended disinfection protocols that are not confusing or complex;

k.    Failure to adequately, appropriately, properly, reasonably, and timely design their Terumo HCD so as to make it less susceptible to cause life-threatening infections with NTM;

l.    Failure to adequately, appropriately, properly, reasonably, and timely design their Terumo HCD so as to prevent life-threatening infections with NTM;

m.    Failure to adequately, appropriately, properly, reasonably, and timely test the Terumo HCD to determine if the distributed instructions for cleaning and disinfecting actually prevented life-threatening infections with NTM;

Electronically Filed - Jefferson - June 11, 2018 - 04:06 PM

n.    Failure to adequately, appropriately, properly, reasonably, and timely test the Terumo HCD to determine if the design increased the risk, compared to alternate deisgns, of life-threatening infections with NTM;

o.    Failure to adequately, appropriately, properly, reasonably, and timely eliminate, rectify and/or warn of known risks and dangers of life-threatening infections with NTM associated with their Terumo HCD;

p.    Failure to adequately, appropriately, properly, reasonably, and timely recall, modify, retrofit and/or redesign their defective Terumo HCD;

q.    Failure to adequately, appropriately, properly, reasonably, and timely remove their defectively designed Terumo HCD from the stream of commerce;

r.    Failure to adequately, appropriately, properly, reasonably, and timely recommend users of their defective Terumo HCD to stop using their defective Terumo HCD product;

s.    Failure to adequately, appropriately, properly, reasonably, and timely design a HCD that did not create a no-flow and/or low-flow area or area, and/or "blind spots that made the Terumo HCD more difficult and/or impossible to adequately clean, disinfect and/or maintain, thus increasing the risk of contamination with NTM and increasing the risk of infecting the patient who is in the operating room undergoing open heart surgery with an NTM infection;

t.    Failure to adequately, appropriately, properly, reasonably, and timely design a HCD that was easier to maintain, clean and/or disinfect;

Electronically Filed - Jefferson - June 11, 2018 - 04:06 PM

u.    Failure to adequately, appropriately, properly, reasonably, and timely

address the design problems with their Terumo HCD after learning as

early as 2011 of reports in Europe indicating that aerosolization of NTM

bacteria being emitted from HCDs was causing serious life-threatening

infections in patients undergoing cardiac surgery.

110.    The Terumo Defendants undertook and/or assumed a duty of care to Mrs.

Courtway and to avoid harm to her, which duty was breached by Defendants.

111.    Mrs. Courtway relied on the duty of care owed by the Terumo Defendants.

112.    The Terumo Defendants had a continuing post-sale duty to timely warn of

the problems with their Terumo HCD that posed a significant risk to patients at the time

those problems were discovered in 2011 when Terumo knew, or should have known, of a

design defect based on reports from Europe indicating that aerosolization of NTM

bacteria being emitted from HCDs was causing serious life-threatening infections in

patients undergoing cardiac surgery.

113.    The Terumo Defendants breached their duty of care to Mrs. Courtway and

her healthcare providers, including Mercy Jefferson, through their wanton, reckless,

negligent designing, manufacturing, labeling, warnings, instructions, sale and/or

distribution of its Terumo HCD that was used in the heart surgery of Mrs. Courtway.

114.    Despite the fact that the Terumo Defendants knew, or should have known,

as early as March 2011 after their FDA inspection in 2010 that the defective design of the

Terumo HCD prevented it from being reliably and consistently cleaned, disinfected

and/or maintained, thus rendering it unsafe for its intended use, the Terumo Defendants

continued with reckless indifference to public and consumer safety to promote,

Electronically Filed - Jefferson - June 11, 2018 - 04:06 PM

manufacture, assemble, sell and distribute their Terumo HCD, resulting in eight reports filed with the FDA linking their Terumo HCD with a significant risk of causing life-threatening infections with NTM in patients who, like Mrs. Courtway, had the Terumo HCD used during their open heart surgeries.

115.    The Terumo Defendants, while actually and subjectively aware of the significant increased risk involved, nevertheless proceeded with conscious indifference to the rights, safety and welfare of others, and/or provided material representations that were false and known to be false and/or made as positive assertions of safety, all with reckless disregard to the truth, with the intent that these false representations would result in consumers like Mercy Jefferson and ultimate consumers like Mrs. Courtway to continue to purchase and/or use their defective Terumo HCD.

116.    Despite the possession of the knowledge and information described herein, the Terumo Defendants failed to modify, amend and/or alter their advertising, promotional literature, labeling, warning and/or instructions to adequately disclose to treating physicians and healthcare providers of Mrs. Courtway, including Mercy Jefferson and its agents, and the ultimate consumer Mrs. Courtway the defective design of their Terumo HCD that significantly increased the risk of a life-threatening infection with NTM.

117.    The failure of the Terumo Defendants to redesign and/or re-label and/or amend its advertising, promotional literature, instructions and/or warnings was wanton and willful conduct made in reckless disregard to the health and wellbeing of consumers, such Mercy Jefferson, as this conduct was intended to conceal the adverse information known by the Terumo Defendants from the consumer, treating physicians and healthcare

providers of Mrs. Courtway, including Mercy Jefferson.

118.    The Terumo Defendants acted with reckless indifference of the increased risk of harm that was substantially greater than that which was necessary to make their conduct necessary.

119.    As a direct and proximate result of the wanton, reckless, tortious, willful and negligent conduct of the Terumo Defendants, as set forth herein, Mrs. Courtway was catastrophically injured and sustain severe pain, suffering, disability and impairment.

120.    The conduct of the Terumo Defendants described herein, was aggravated by the willful and/or wanton conduct made in reckless disregard to the health and wellbeing of consumers, including Mrs. Courtway, for which the law allows, and Mrs. Courtway will seek, the imposition of punitive damages.

**WHEREFORE**, Plaintiffs Patricia and Clinton Courtway demand that judgment be entered in their favor and against the Terumo Defendants, jointly and severally, and/or separately in an amount to be determined by a jury for compensatory and punitive damages, pre- and post-judgment interest, for costs incurred herein, and for all other relief as the Court deems just and proper.

## COUNT V
## BREACH OF IMPLIED WARRANTY

121.    Plaintiffs adopt and incorporate by reference all preceding paragraphs and for further cause of action allege and state that the acts of the Terumo Defendants constitute liability under the doctrine of breach of implied warranty.

122.    At all relevant times, the Terumo Defendants manufactured, assembled, marketed, advertised, promoted, sold, distributed and/or place into interstate commerce

Electronically Filed - Jefferson - June 11, 2018 - 04:06 PM

their defective Terumo HCD, including the Terumo HCD used by Mercy Jefferson during the heart surgery of Mrs. Courtway.

123.    At all relevant times, the Terumo Defendants intended their Terumo HCD to be used during heart surgery and it was used for the heart surgery of Mrs. Courtway.

124.    At all material times hereto, the Terumo Defendants breached implied warranties with respect to their Terumo HCD, including implied warranties that their Terumo HCD was of merchantable quality, and that their Terumo HCD had been adequately and appropriately tested, and was fit for its intended use during heart surgery.

125.    The treating physicians and healthcare providers of Mrs. Courtway including Mercy Jefferson and its agents, and the ultimate consumer Mrs. Courtway, in reliance on these warranties, used the defective Terumo HCD during Mrs. Courtway's heart surgery.

126.    At the time of making such implied warranties, the Terumo Defendants knew, or should have known, that their Terumo HCD did not conform to these implied warranties because it was not safe due to the defective design that increased the risk of life-threatening NTM infections, thus making the Terumo HCD unreasonably dangerous for its intended use.

127.    The breach of these implied warranties made by the Terumo Defendants to the treating physicians and healthcare providers of Mrs. Courtway including Mercy Jefferson and its agents, and the ultimate consumer Mrs. Courtway was a direct and proximate cause of injuries to Mrs. Courtway.

Electronically Filed - Jefferson - June 11, 2018 - 04:06 PM

128.     The negligent, careless, wanton and willful conduct and reckless disregard of the Terumo Defendants increased the risk of harm of, was a direct and proximate cause of the injuries and damages suffered by Mrs. Courtway as set forth more fully above.

129.     The Terumo Defendants acted with reckless indifference of the increased risk of harm that was substantially greater than which was necessary to make their conduct necessary.

130.     As a direct and proximate result of the wanton, reckless, tortious, willful and negligent conduct of the Terumo Defendants, Mrs. Courtway was catastrophically injured and sustained severe pain, suffering, disability and impairment.

131.     The conduct of the Terumo Defendants described herein was aggravated by the willful and/or wanton conduct made in reckless disregard to the health and wellbeing of consumers, including Mrs. Courtway, for which the law allows and Plaintiffs Patricia and Clinton Courtway will seek, the imposition of punitive damages.

**WHEREFORE**, Plaintiffs Patricia and Clinton Courtway demand that judgment be entered in their favor and against the Terumo Defendants, jointly and severally, and/or separately in an amount to be determined by a jury for compensatory and punitive damages, pre- and post-judgment interest, for costs incurred herein, and for all other relief as the Court deems just and proper.

## COUNT VI
## BREACH OF EXPRESS WARRANTY

132.     Plaintiffs adopt and incorporate by reference all preceding paragraphs and for further cause of action allege and state that the acts of the Terumo Defendants constitute liability under the doctrine of breach of express warranty.

133.    At all relevant times, the Terumo Defendants manufactured, assembled, marketed, advertised, promoted, sold, distributed and/or place into interstate commerce their defective Terumo HCD, including the Terumo HCD used by Mercy Jefferson during the heart surgery of Mrs. Courtway.

134.    At all relevant times, the Terumo Defendants intended their Terumo HCD to be used during heart surgery and it was used for the heart surgery of Mrs. Courtway.

135.    At all material times hereto, the Terumo Defendants made assurances to hospitals and healthcare professionals including those at Mercy Jefferson who treated Mrs. Courtway that their Terumo HCD was safe and reasonably fit for its intended purposes.

136.    Mercy Jefferson and the ultimate consumer Mrs. Courtway chose the Terumo HCD based on Defendants' warranties and representations regarding the Terumo HCD.

137.    The Terumo Defendants breached express warranties with respect to their Terumo HCD, including express warranties that their Terumo HCD was safe, merchantable and reasonably fit for its intended purposes.

138.    The treating physicians and healthcare providers of Mrs. Courtway including Mercy Jefferson and its agents, and the ultimate consumer Mrs. Courtway, in reliance on these warranties, used the defective Terumo HCD during Mrs. Courtway's heart surgery.

139.    Defendants' breach of express warranties resulted in the use of an unreasonably dangerous and defective Terumo HCD in Mrs. Courtway's aortic valve surgery in March 2014, placing Mrs. Courway's health and safety in jepordy.

Electronically Filed - Jefferson - June 11, 2018 - 04:06 PM

140.    The breach of these express warranties made by the Terumo Defendants to the treating physicians and healthcare providers of Mrs. Courtway including Mercy Jefferson and its agents, and the ultimate consumer Mrs. Courtway was a direct and proximate cause of injuries to Mrs. Courtway.

141.    The negligent, careless, wanton and willful conduct and reckless disregard of the Terumo Defendants increased the risk of harm of, was a direct and proximate cause of the injuries and damages suffered by Mrs. Courtway as set forth more fully above.

142.    The Terumo Defendants acted with reckless indifference of the increased risk of harm that was substantially greater than which was necessary to make their conduct necessary.

143.    As a direct and proximate result of the wanton, reckless, tortious, willful and negligent conduct of the Terumo Defendants, Mrs. Courtway was catastrophically injured and sustained severe pain, suffering, disability and impairment.

144.    The conduct of the Terumo Defendants described herein was aggravated by the willful and/or wanton conduct made in reckless disregard to the health and wellbeing of consumers, including Mrs. Courtway, for which the law allows and Plaintiffs Patricia and Clinton Courtway will seek, the imposition of punitive damages.

**WHEREFORE**, Plaintiffs Patricia and Clinton Courtway demand that judgment be entered in their favor and against the Terumo Defendants, jointly and severally, and/or separately in an amount to be determined by a jury for compensatory and punitive damages, pre- and post-judgment interest, for costs incurred herein, and for all other relief as the Court deems just and proper.

Electronically Filed - Jefferson - June 11, 2018 - 04:06 PM

## COUNT VII
### MISSOURI MERCHANDISING PRACTICES ACT, MO REV. STAT § 407.020, et seq.

145.   Plaintiffs adopt and incorporate by reference all preceding paragraphs and for further cause of action allege and state that the acts of the Terumo Defendants constitute liability under the Missouri Merchandising Practices Act ("MMPA").

146.   At all relevant times, the Terumo Defendants knew or should have known of the unreasonably dangerous condition of the Terumo HCD.

147.   At all relevant times, the Terumo Defendants, through their labeling and marketing of the Terumo HCD, intentionally used deception, fraud, false pretenses, false promises, misrepresentations and unfair trade practices in order to mislead consumers that the Terumo HCD were safe for use in open heart surgeries.

148.   At all relevant times, the Terumo Defendants also engaged in the concealment, suppression and/or omission of material facts in connection with the sale and/or marketing of the Terumo HCD in trade or commerce. In particular, the Terumo Defendants failed to disclose to the public that the Terumo HCD was unsafe and posed serious health hazards when the Terumo Defendants should have known or reasonably been aware based on their own information, warning letters from the FDA in 2004 and 2006, consent decree with the FDA on March 17, 2011 where Terumo agreed not to continue selling the Terumo HCD (but they were allowed to continue to selling to existing Terumo HCD customers), investigation and/or testing and based on an outbreak of cases in Europe reported in medical literature as early as 2011, of the association of NTM infections with HCDs when its Terumo HCD was used during Mrs. Courtway's open heart surgery several years later in 2014.

149.   The Terumo Defendants were aware of the hazardous risks posed by the

Electronically Filed - Jefferson - June 11, 2018 - 04:06 PM

Terumo HCD and yet failed to inform the public or healthcare providers of these risks through labeling, marketing materials and other means available to them.

150.    At all relevant times, Plaintiffs were deceived by the Terumo Defendants' intentional misrepresentations and omissions.

151.    At all relevant times, Plaintiffs acted in reasonable reliance upon the Terumo Defendants' unlawful trade practices, and had the Terumo Defendants not engaged in the deceptive conduct described herein, Plaintiffs would not have allowed, and Mrs. Courtway's healthcare providers at Mercy Jefferson would not have allowed, the Terumo HCD to be used during Mrs. Courtway's open heart surgery on March 11, 2014.

152.    As a direct and proximate result of the wanton, reckless, tortious, willful and negligent conduct of the Terumo Defendants, Mrs. Courtway was catastrophically injured and sustained severe pain, suffering, disability and impairment.

153.    The conduct of the Terumo Defendants described herein was aggravated by the willful and/or wanton conduct made in reckless disregard to the health and wellbeing of consumers, including Mrs. Courtway, for which the law allows and Plaintiffs Patricia and Clinton Courtway will seek, the imposition of punitive damages.

**WHEREFORE**, Plaintiffs Patricia and Clinton Courtway demand that judgment be entered in their favor and against the Terumo Defendants, jointly and severally, and/or separately in an amount to be determined by a jury for compensatory and punitive damages, pre- and post-judgment interest, for costs incurred herein, and for all other relief as the Court deems just and proper.

Electronically Filed - Jefferson - June 11, 2018 - 04:06 PM

**COUNT VIII**
**LOSS OF CONSORTIUM – PLAINTIFF CLINTON COURTWAY**

154.     Plaintiffs adopt and incorporate by reference all preceding paragraphs and

for further cause of action allege and state that the acts of the Terumo Defendants

constitute liability for loss of consortium.

155.     Due to the Terumo Defendants' deviations as further outlined herein, this

Loss of Consortium claim allows a remedy to Clinton Courtway, the husband of Mrs.

Courtway, against the Terumo Defendants.

156.     As a direct and proximate result of the Defendants' deviations from the

applicable standards of care as expressed herein, Clinton Courtway has been, and

will continue to be, deprived of the consortium, society, comfort, protection, and services

of his wife, thereby causing and continuing to cause economic damages, grief, sorrow,

mental anguish, emotional distress, and pain and suffering and prays for judgment against

the Terumo Defendants as set forth in this Petition

142.     Plaintiff Clinton Courtway has been obligated to pay medical and

pharmaceutical bills and other expenses as a result of the Terumo Defendants'

negligence.

**WHEREFORE**, Plaintiffs Patricia and Clinton Courtway demand that judgment

be entered in their favor and against the Terumo Defendants, jointly and severally, and/or

separately in an amount to be determined by a jury for compensatory and punitive

damages, pre- and post-judgment interest, for costs incurred herein, and for all other

relief as the Court deems just and proper.

Electronically Filed - Jefferson - June 11, 2018 - 04:06 PM

## COUNT IX
## PUNITIVE DAMAGES

143.    Plaintiffs adopt and incorporate by reference all preceding paragraphs and for further cause of action allege and state that the acts of the Terumo Defendants constitute liability for punitive damages.

144.    The Terumo Defendants continued to manufacture, sell and distribute their Terumo HCD as safe and effective when they knew, or should have known, it was not safe or effective. The conduct of the Terumo Defendants outlined herein shows:

       a.  Reckless indifference to or conscious disregard for the safety of others; and

       b.  Complete indifference to or conscious disregard for the safety of others.

**WHEREFORE**, Plaintiffs Patricia and Clinton Courtway demand that judgment be entered in their favor and against the Terumo Defendants for a sum that a jury determines to be fair and reasonable for punitive damages to deter each Defendant, and other similarly situated medical devise manufacturers and sales representatives, from like conduct in the future, for costs incurred herein, and for all other relief as the Court deems just and proper.

Electronically Filed - Jefferson - June 11, 2018 - 04:06 PM

**JURY DEMAND**

Plaintiffs request trial by jury on all counts of this Petition.


Dated: June 11, 2018                    Respectfully submitted,

                                        _____/s/Carrie Brous_____
                                        Carrie Mulholland Brous, MO #44920
                                        Brous Law LLC
                                        3965 West 83rd Street, #115
                                        Prairie Village, KS 66208
                                        913.209.8596
                                        cbrous@brouslaw.com


                                        Lon Walters, MO #44321
                                        Walters Law Firm, LLC
                                        23A East 3rd Street
                                        Kansas City, MO 64106
                                        816.472.1400
                                        fax: 816.472.4433
                                        lwalters@walterslaw.com


                                        Kevin C. Roberts, MO #31578
                                        ROBERTS, WOOTEN & ZIMMER, LLC
                                        Kevin C. Roberts
                                        P.O. Box 888-10438 Business 21
                                        Hillsboro, MO 63050
                                        KevinRoberts@rwzlaw.com


ATTORNEYS FOR PLAINTIFFS PATRICIA COURTWAY AND CLINTON COURTWAY



# IN THE 23RD JUDICIAL CIRCUIT COURT, JEFFERSON COUNTY, MISSOURI

| Judge or Division:<br>MARK T STOLL | Case Number:  18JE-CC00400 |
|---|---|
| Plaintiff/Petitioner:<br>PATRICIA COURTWAY | Plaintiff's/Petitioner's Attorney/Address<br>CARRIE L. MULHOLLAND<br>BROUS LAW LLC<br>3965 WEST 83RD STREET<br>STE 115<br>vs.  PRAIRIE VILLAGE, KS  66208 |
| Defendant/Respondent:<br>TERUMO CORP. | Court Address:<br>P O BOX 100 |
| Nature of Suit:<br>CC Pers Injury-Prod Liab | 300 MAIN ST<br>HILLSBORO, MO  63050 |

(Date File Stamp)

## Summons in Civil Case

**The State of Missouri to:**  TERUMO CORP.
**Alias:**

**2-44-1 HATAGAYA**
**Tokyo**
**SHIBUYA-KU,  151-0072**

*COURT SEAL OF*

*JEFFERSON COUNTY*

     You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

  6/13/18   MICHAEL E. REUTER, CIRCUIT CLERK
       BY: /s/ B. MOSLEY, DEPUTY CLERK
Further Information:

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____(title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____      _____
   Printed Name of Sheriff or Server               Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*   Subscribed and sworn to before me on _____ (date).

My commission expires: _____      _____
                    Date               Notary Public

| **Sheriff's Fees** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $____10.00____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.



# IN THE 23RD JUDICIAL CIRCUIT COURT, JEFFERSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>MARK T STOLL | **Case Number:  18JE-CC00400** |
| Plaintiff/Petitioner:<br>PATRICIA COURTWAY | Plaintiff's/Petitioner's Attorney/Address<br>CARRIE L. MULHOLLAND<br>BROUS LAW LLC<br>3965 WEST 83RD STREET<br>STE 115 |
| vs. | PRAIRIE VILLAGE, KS  66208 |
| Defendant/Respondent:<br>  TERUMO CORP. | Court Address:<br>P O BOX 100<br>300 MAIN ST<br>HILLSBORO, MO  63050 |
| Nature of Suit:<br>CC Pers Injury-Prod Liab | |

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to:  TERUMO MEDICAL CORP.
                      **Alias:**

**SERVE: REGISTERED AGENT:**
**CSC-LAWYERS INC SERVICE CO.**
**221 BOLIVAR ST**
**JEFFERSON CITY, MO 65101**



*COURT SEAL OF*

*JEFFERSON COUNTY*

      **You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

      6/13/18      MICHAEL E. REUTER, CIRCUIT CLERK
                 BY: /s/ B. MOSLEY, DEPUTY CLERK
Further Information:

---

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
    _____a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
    _____ (name) _____(title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____        _____
          Printed Name of Sheriff or Server                              Signature of Sheriff or Server

      **Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____        _____
                                                Date                                                    Notary Public

---

| **Sheriff's Fees** | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $_____10.00_____ | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.



# IN THE 23RD JUDICIAL CIRCUIT COURT, JEFFERSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>MARK T STOLL | **Case Number:  18JE-CC00400** |
| Plaintiff/Petitioner:<br>PATRICIA COURTWAY | Plaintiff's/Petitioner's Attorney/Address<br>CARRIE L. MULHOLLAND<br>BROUS LAW LLC<br>3965 WEST 83RD STREET<br>STE 115<br>PRAIRIE VILLAGE, KS  66208 |
| Defendant/Respondent:<br> TERUMO CORP. | Court Address:<br>P O BOX 100 |
| Nature of Suit:<br>CC Pers Injury-Prod Liab | 300 MAIN ST<br>HILLSBORO, MO  63050 |

vs.

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to:   TERUMO CARDIOVASCULAR SYSTEMS CORP.

           **Alias:**

**SERVE REGISTERED AGENT:**
**CSC-LAWYERS INC SERVICE CO.**
**221 BOLIVAR ST**
**JEFFERSON CITY, MO 65101**



*COURT SEAL OF*

*JEFFERSON COUNTY*

    **You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

    6/13/18      MICHAEL E. REUTER, CIRCUIT CLERK
                BY: /s/ B. MOSLEY, DEPUTY CLERK
Further Information:

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
_____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
       Printed Name of Sheriff or Server                   Signature of Sheriff or Server

           **Must be sworn before a notary public if not served by an authorized officer:**

           Subscribed and sworn to before me on _____ (date).

*(Seal)*

           My commission expires: _____          _____
                                 Date                          Notary Public

| | |
|---|---|
| **Sheriff's Fees** | |
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.



# IN THE 23RD JUDICIAL CIRCUIT COURT, JEFFERSON COUNTY, MISSOURI

| Judge or Division:<br>MARK T STOLL | Case Number:  18JE-CC00400 |
|---|---|
| Plaintiff/Petitioner:<br>PATRICIA COURTWAY | Plaintiff's/Petitioner's Attorney/Address<br>CARRIE L. MULHOLLAND<br>BROUS LAW LLC<br>3965 WEST 83RD STREET<br>STE 115<br>PRAIRIE VILLAGE, KS  66208 |
| Defendant/Respondent:<br> TERUMO CORP. | Court Address:<br>P O BOX 100<br>300 MAIN ST<br>HILLSBORO, MO  63050 |
| Nature of Suit:<br>CC Pers Injury-Prod Liab | |

*vs.*

*(Date File Stamp)*

## Summons in Civil Case

The State of Missouri to:  **BRIAN MONROE**
Alias:

**190 TAPESTRY DRIVE**
**ST. LOUIS, MO  63129**



*COURT SEAL OF*

*JEFFERSON COUNTY*

      You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

      6/13/18      MICHAEL E. REUTER, CIRCUIT CLERK
                     BY: /s/ B. MOSLEY, DEPUTY CLERK
Further Information:

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
_____a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____(title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
         Printed Name of Sheriff or Server                               Signature of Sheriff or Server

         **Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*         Subscribed and sworn to before me on _____ (date).

         My commission expires: _____          _____
                                                      Date                                              Notary Public

| **Sheriff's Fees** | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $_____10.00_____ | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

Electronically Filed - Jefferson - June 13, 2018 - 03:39 PM

STATE OF MISSOURI        )
                             ) SS.
COUNTY OF JEFFERSON   )

IN THE CIRCUIT COURT OF THE COUNTY OF JEFFERSON
STATE OF MISSOURI

PATRICIA COURTWAY and        )
CLINTON COURTWAY,           )
                             )
     Plaintiffs,              )
                             )
     Vs.                     ) Case No. 18JE-CC00400
                             )
TERUMO CORP, et al.         )
                             )
     Defendants.            )

### ***ENTRY OF APPEARANCE***

Comes now Kevin C. Roberts and  ROBERTS, WOOTEN & ZIMMER, L.L.C. and enters their appearance as co-counsel on behalf of Plaintiffs  in this matter.

                                ROBERTS, WOOTEN & ZIMMER, L.L.C.
                                Kevin C. Roberts
                                P. O. Box 888
                                Hillsboro, Missouri 63050
                                (636) 797-2693

                                (By)_____
                                   Kevin C. Roberts #31578

Electronically Filed - Jefferson - June 13, 2018 - 03:39 PM

STATE OF MISSOURI        )
                              ) SS.
COUNTY OF JEFFERSON    )

### IN THE CIRCUIT COURT OF THE COUNTY OF JEFFERSON
### STATE OF MISSOURI

| | |
|---|---|
| PATRICIA COURTWAY and | ) |
| CLINTON COURTWAY, | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
|     Vs. | ) Case No. 18JE-CC00400 |
| | ) |
| TERUMO CORP, et al. | ) |
| | ) |
|     Defendants. | ) |

### REQUEST FOR SPECIAL PROCESS SERVER

    Comes now Plaintiff and requests that Aaron Staten be appointed special process server

for the purpose of serving the Summons on Defendant Brian Monroe and that the fees

incurred therefor be taxed as Court costs herein.

Approved:                    ROBERTS, WOOTEN & ZIMMER, LLC
                                Attorneys at Law
                                P.O. Box 888
                                Hillsboro, Missouri 63050
                                (636) 797-2693

_____    By:_____
Clerk of the Circuit Court
Jefferson County, Missouri                  KEVIN C. ROBERTS #31578

Electronically Filed - Jefferson - June 14, 2018 - 01:32 PM

STATE OF MISSOURI        )
                                  ) SS.
COUNTY OF JEFFERSON    )

IN THE CIRCUIT COURT OF THE COUNTY OF JEFFERSON
STATE OF MISSOURI

PATRICIA COURTWAY and            )
CLINTON COURTWAY,              )
                                  )
    Plaintiffs,                   )
                                  )
    Vs.                            ) Case No. 18JE-CC00400
                                  )
TERUMO CORP, et al.                )
                                  )
    Defendants.                )

### ***ENTRY OF APPEARANCE***

Comes now Lon Walters and the WALTERS LAW FIRM, LLC and enters their

appearance as co-counsel on behalf of Plaintiffs in this matter.

                              LON WALTERS
                              Walters Law Firm, LLC
                              Attorney At Law
                              23A East 3rd Street
                              Kansas City, Missouri 64106

                              (By)_____/s/_____
                                    Lon Walters #44321

Electronically Filed - Jefferson - June 20, 2018 - 04:34 PM



## IN THE 23RD JUDICIAL CIRCUIT COURT, JEFFERSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>MARK T STOLL | **Case Number: 18JE-CC00400** |
| Plaintiff/Petitioner:<br>PATRICIA COURTWAY | Plaintiff's/Petitioner's Attorney/Address<br>CARRIE L. MULHOLLAND<br>BROUS LAW LLC<br>3965 WEST 83RD STREET<br>STE 115<br>               **vs.**  PRAIRIE VILLAGE, KS  66208 |
| Defendant/Respondent:<br>TERUMO CORP. | Court Address:<br>P O BOX 100<br>300 MAIN ST<br>HILLSBORO, MO  63050 |
| Nature of Suit:<br>CC Pers Injury-Prod Liab | *(Date File Stamp)* |

### Summons in Civil Case

| |
|---|
| The State of Missouri to:  BRIAN MONROE<br>            **Alias:**<br><br>190 TAPESTRY DRIVE<br>ST. LOUIS, MO  63129 |



*COURT SEAL OF*

*JEFFERSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

    6/13/18    MICHAEL E. REUTER, CIRCUIT CLERK<br>              BY: /s/ B. MOSLEY, DEPUTY CLERK

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☑ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _KATIE MONROE - WIFE_ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____.

Served at _190 TAPESTRY_ (address)

in _ST. LOUIS_ (County/City of St. Louis), MO, on _6-18-18_ (date) at _5:15_ (time).

_Aaron Stato_        _____

*Printed Name of Sheriff or Server*      Signature of Sheriff or Server

SARAH LYNN CARR<br>Notary Public - Notary Seal<br>STATE OF MISSOURI<br>Jefferson County<br>My Commission Expires: April 23, 2022<br>Commission # 18393215

Must be sworn before a notary public if not served by an authorized officer:

Subscribed and sworn to before me on _6-20-18_ (date).

My commission expires: _4-23-2022_      _Sarah Lynn Carr_<br>                 Date                          Notary Public

| Sheriff's Fees | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $  10.00 |
| Mileage | $_____  (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.